

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Marvin Hall, Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Sir:        Attention: Mr. Girard Kinney

Opinion No. O-1598
Re: Does the license issued by the Life
Insurance Department of the Board
of Insurance Commissioners, and
held by a life insurance agent, au-
thorize that agent to accept com-
mission on fire or casualty insur-
ance business when said agent does
not hold a recording or soliciting
agent's license as prescribed by
law under Article 5062a, Vernon's
Annotated Civil Statutes?

Your letter, requesting the opinion of this de-
partment on the above question, has been received.

Article 5055, Revised Civil Statutes of Texas,
reads as follows:

"It shall not be lawful for any person to
act within this state, as agent or otherwise,
in soliciting or receiving applications for in-
surance of any kind whatever, or in any manner
to aid in the transaction of the business of any
insurance company incorporated in this state or
out of it, without first procuring a certificate
of authority from the Commissioner."

Article 572, of the Penal Code of Texas, makes it
a penal offense for any individual to solicit insurance in
behalf of any insurance company without a certificate of au-
thority to act as agent or solicitor for such company, or
after such certificate of authority shall have been cancel-
led or revoked.

Article 5056, Revised Civil Statutes of Texas,
defines who are insurance agents, which definition would

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Marvin Hall, Page 2

include anyone bringing fire or casualty insurance business into the office of a licensed fire and casualty recording agent, upon which he accepts commissions. This is the situation described by you in your letter. Article 5062a, Vernon's Annotated Civil Statutes, was originally enacted by the 42nd Legislature in 1931, and provides, in part, in section 1 thereof, as follows:

"Insurance agents, as that term is defined in the laws of the state, shall for the purpose of this act be divided into two classes * * *".

Article 5062a, supra, regulates the licensing of local recording agents and solicitors to represent insurance companies, section 12 thereof, in part, reading as follows:

"No provision of this act shall apply to the life insurance business or the life department of the companies engaged therein * * *".

In 1933, there was enacted by the 43rd Legislature, what is now Article 5068b, Vernon's Annotated Civil Statutes, which, among other things, regulated the licensing of agents for life insurance companies, accident insurance companies, etc. It is significant that at the time of the enactment of this statute regulating the licensing of life insurance agents, there had already been enacted the above statute regulating the licensing of insurance agents, other than those pertaining to the life insurance business.

It is deemed unnecessary to set out in full these respective statutory enactments. Suffice it to point out, as recognized in your letter, that the statutes enumerate certain qualifications for licensing life, health, and accident agents and other certain qualifications for the licensing of fire and casualty agents and solicitors. We also point out that since the original enactment of these statutes, there have been subsequent amendments thereto, which, however, do not in anywise affect the question submitted by you.

These statutes evidence a clear legislative intent to require both the licensing of life insurance agents and fire and casualty company agents. Article 5062a, supra, specifically excepts life insurance agents from its operation. Article 5068b, supra, by its terms applies only to "an agent for a life insurance company, accident insurance company, life and accident, health and accident, or life, health and accident insurance company, or association, or organization, local mutual aid association, or statewide mutual association, soliciting or writing insurance in the state of Texas, as the

Hon. Marvin Hall, Page 3

term 'agent' is elsewhere defined in the law."

You are therefore respectfully advised that it is the opinion of this department that the license issued by the life insurance department, of the Board of Insurance Commissioners, would not authorize the agent holding such license to also act as agent, as that term is defined in Article 5056, supra, for fire or casualty insurance companies. Accordingly, under the facts as set out in your letter, we answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

By
Zollie C. Steakley

ZCS:jm

APPROVED NOV 6, 1939

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN